Prues *v.* The A. J. Henkel Construction Co. et al.

(Decided December 10, 1934.)

*Mr. Fred Weiland* and *Mr. Jno. B. Bruns,* for plaintiff in error.

*Messrs. Dolle, O'Donnell & Cash* and *Mr. George E. Fee,* for defendants in error.

Ross, J.  This case comes into this court on error from the Court of Common Pleas of Hamilton county, where judgment was rendered adversely to a lien claimant, Leo J. Prues, the plaintiff in error in this court.

The plaintiff in error furnished certain road machinery to a sub-contractor of The A. J. Henkel Construction Company.  The contractor had been engaged by the County Commissioners of Hamilton county to construct a public highway.

It is asserted by the plaintiff in error that it was

understood and agreed that the sub-contractor should keep in good repair the machinery furnished it by plaintiff in error; that instead of so doing, said sub-contractor failed to keep it in repair, failed to pay the rental therefor, and returned the machinery in a practically worthless condition.

The question presented is: Under the circumstances has the claimant a lien by reason of having furnished machinery to a sub-contractor, which in violation of its contract rendered such machinery worthless?

This is not a case where material, or even machinery, is furnished with the understanding that it is to be consumed. The agreement here is just the contrary. The effect of the present claim is to assert a lien for a breach of contract with a sub-contractor. In the case of *Royal Indemnity Co. v. Day & Maddock Co.,* 114 Ohio St., 58, 150 N. E., 426, 44 A. L. R., 374, paragraph one of the syllabus is as follows:

"The surety on a bond executed by a contractor for the construction of a public building, in conformity to the requirements of Sections 2365-1, 2365-2 and 2365-4, General Code, does not thereby obligate himself to pay the rental, contracted to be paid by the principal in the bond for the use of a concrete mixer, hoisting engine, or other machinery used as appliances, or part of the equipment to facilitate the performance by the contractor of his contract, nor does he obligate himself for any other expense incident to such rental use."

On page 67, the court quotes from *State for use of Gwyns Falls Quarry Co. v. National Surety Co.,* 148 Md., 221, 128 A., 916, as follows:

"Claim for rental, depreciation, and cost of redelivery of steam shovel let to subcontractors is not for labor or material used in construction of road, within principal contractor's bond under Code, Article 91, Section 36, though proportion of premium thereon was charged by contractor to subcontractors.

"The contractor's bond in that case included a condition that the contractor shall 'pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them or any of them for such labor and materials for which the contractor is liable.' The statute under which the bond was executed provided that the obligors should 'bind themselves therein to the payment of all just debts for labor and materials incurred by the bidder in the construction and improvement of the road contracted for.'"

Reference to Section 8310, General Code, shows that the lien of one furnishing material is granted "by virtue of a contract", not by reason of a breach thereof. Our conclusion is, therefore, that the claimant can have no lien by reason of the depreciation of the machinery rented to the sub-contractor.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.